UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KARMAN MUSA, <br><br> Plaintiff, <br><br> v. <br><br> WESTVILLE CORRECTIONAL FACILITY, <br><br> Defendant. | CAUSE NO. 3:19-CV-748-RLM-MGG |

OPINION AND ORDER

Karman Musa, a prisoner without a lawyer, filed a complaint (ECF 1) against the Westville Correctional Facility alleging that, on several occasions throughout late July and August of 2019, he was left at outside recreation for extended periods of time in extreme heat and without adequate protection from the sun and inclement weather, without adequate access to water or another means of staying cool and hydrated, and without adequate access to restroom facilities. He further alleges that, on August 18, 2019, he injured his ankle and guards refused to obtain medical care for his injury. He also alleges that guards urged him to engage in degrading acts, which – on several occasions – he did, because the guards were tampering with and withholding his food. He seeks compensatory and punitive damages.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28

U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Musa has named only one defendant: the Westville Correctional Facility. The Westville Correctional Facility is a building. It is not a suable entity. Smith v. Knox County Jail, 666 F.3d 1037, 1040 (7th Cir. 2012). Because Mr. Musa hasn't named a defendant who can be held responsible, this complaint doesn't state a claim on which relief can be granted. The court will give him a chance to file an amended complaint. *See* Luevano v. Wal-Mart, 722 F.3d 1014 (7th Cir. 2013); Loubser v. Thacker, 440 F.3d 439, 443 (7th Cir. 2006). In the amended complaint, Mr. Musa should explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured by the conditions he describes, providing as much detail as possible. Mr. Musa should keep in mind that "public employees are responsible for their own misdeeds but not for anyone else's." Burks v. Raemisch, 555 F.3d 592, 596 (7th Cir. 2009).

For these reasons, the court:

(1) DIRECTS the clerk to place this cause number on a blank Prisoner Complaint form (INND Rev. 8/16) and send it to Karman Musa; and

(2) GRANTS Karman Musa until **November 18, 2019**, to file an amended complaint on that form.

If Mr. Musa doesn't respond by that deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim on which relief can be granted.

SO ORDERED on October 21, 2019

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT